CUMBERLAND TELEPHONE & TELEGRAPH COMPANY v. GEORGE
YERGER HICKS.

[42 South. Rep., 285.]

TELEPHONES. *Damages. Evidence. Physician. Loss of Practice.*

> In an action by a physician for damages resulting from the wrong-
> ful cutting out of his telephone he cannot prove loss of practice
> by testifying to conversations with divers persons wherein they
> claimed that they tried, during the time his telephone was cut
> out, to call him professionally over the telephone, but, being
> unable to do so, had procured the services of another physician.

FROM the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

Hicks, the appellee, was plaintiff in the court below; the
telephone company, the appellant, was defendant there. From
a judgment in favor of plaintiff, defendant appealed to the
supreme court.

Plaintiff sued to recover damages resulting from his being
deprived of telephone service. The declaration alleged that
plaintiff was a practicing physician in the city of Vicksburg,
and a subscriber to defendant's telephone service; that without
any reason therefor or prior notification to plaintiff, the defend-
ant suspended all service with his telephone because, as plaintiff
subsequently learned, defendant erroneously claimed that he
had not paid for telephone service; that such action was a reck-
less disregard of defendant's rights, willful and wanton. The
declaration further charged that because of the suspension of
his telephone service plaintiff had been deprived of much prac-
tice, estimated at $200 to $500; and because of the willful and
wanton action of defendant in the premises plaintiff demanded
not only actual but, as well, punitive damages. On the trial,
over the objection of defendant, the plaintiff was allowed to
testify that a number of persons in Vicksburg, named by him,

had, after plaintiff's telephone connection had been re-established, told him that they attempted to secure his professional services by telephone during time of the suspension, and had been informed by defendant that plaintiff's service was suspended because he was in default for telephone charges. The jury found for plaintiff, awarding him $750.

*Smith, Hirsh & Landau,* for appellant.

The court below committed fatal error in permitting the plaintiff to prove by his own testimony that different persons had subsequently told him that while his telephone service was suspended they had tried to reach him by telephone to secure his professional services as a physician. No authorities need be cited to show that such action was erroneous. Every person named by the plaintiff was a resident of Vicksburg, and within easy call of the court; if plaintiff wished to show in evidence their statements, such persons should have beeen placed upon the witness stand.

*Henry & Scudder,* for appellee.

All differences of statements of the different witnesses as to what was really said and done were resolved by the jury's finding in favor of appellee, and such finding should not be disturbed by this court. The instructions to the jury corrected all errors in the admission of testimony.

CALHOON, J., delivered the opinion of the court.

This record discloses manifest error in the reception of hearsay testimony to show damage. The court will not now decide whether the facts warrant exemplary damages.

*Reversed and remanded.*